*1031 OPINION.
Marquette :
The petitioner alleges that its tax liability for the fiscal year ended June 30, 1917, and its tax liability for the six-month period ended December 31,1917, are in controversy, as well as its tax liability for the years 1918, 1919, 1920, and 1921. However, the deficiency letter shows that the respondent has determined over-assessments for the fiscal year ended June 30,1917, and the six-month period ended December 31, 1917, which do not arise from the disal-lowance or partial disallowance of a claim for abatement. We there *1032 fore have no jurisdiction to hear and determine this proceeding in so far as it relates to the fiscal year and the six-month period. Appeal of R. P. Hazzard Co., 4 B. T. A. 150; Appeal of Cornelius Cotton Mills, 4 B. T. A. 255.
The next question presented is whether the payments made by the petitioner to the Manchester Company in the years 1918, 1919, and 1920, under the circumstances set forth in the findings of fact, were capital expenditures or ordinary and necessary business expenses. We have carefully considered the contract which gave rise to these payments and we are unable to see any reason for considering that they constituted capital expenditures. Capital expenditures result in the acquisition of capital assets, but in this case the contracts specifically provide that the petitioner “shall acquire no ownership in the extension of said buildings on account of the above payments.” We are of the opinion that the payments in question constituted ordinary and necessary business expenses of the petitioner which are deductible in computing its net income for the years in which the obligations accrued.
The last question is whether the amount of $1,311.08, paid by the petitioner to the Manchester Company on January 1,1921, as interest on the payments heretofore mentioned, is deductible in the year 1921 or should be allocated to the years in which the payments were made. The contract between the petitioner and the Manchester Company provided that the several payments should be made on January 1, 1917, January 1, 1918, January 1, 1919, and January 1, 1920, and that interest thereon at the rate of 7 per cent should be paid on January 1, 1921. The contract also provided that if it was terminated by the Manchester Company before the payments, including interest payment, had been made, no further payments would be required from the petitioner. The contract was to run at least three years from January 1,1917, but either party could terminate the contract on January 1, 1920, by giving one year’s notice of its intention so to do. The petitioner was not obligated to pay any interest until four years from the date of the contract, and if the contract was terminated by the Manchester Company before that date, no interest was due from the petitioner. The interest was payable on January 1, 1921, contingent upon the contract not being terminated before that date, and we are of the opinion that under the circumstances it constituted a proper accrual for the year 1921, and that the amount thereof is deductible from the petitioner’s income for that year.
Reviewed by the Board.

Judgment mil T>e entered on 15 days’ notice, wnder Rule 50.